IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EVELYN ORTIZ, as Personal
Representative of the Estate of
RAFAEL I. ORTIZ-PAGAN,

       Plaintiff,

vs.                                  CASE NO.: 1:06cv255-SPM/AK

UNITED STATES OF AMERICA,

       Defendant.
_____/

**ORDER DENYING MOTION TO STRIKE
AND GRANTING LIMITED CONTINUANCE**

This cause comes before the Court on "Plaintiff's Motion to Strike Defendant's Sixth Affirmative Defense of the Florida Non Economic Damages Cap (F.S. § 766.118) per Judge John H. Adams, Sr.'s Order Finding F.S. §766.188 Unconstitutional in Cavanaugh v. Cardiology Associates or Alternative for Stay of the Trial in this Matter Pending Final Resolution of the Constitutional Issue. Doc. 30. Defendant filed a response in opposition. Doc. 31. For the following reasons, the motion to strike and alternative motion to stay will be denied, but trial will be continued to allow the parties additional time to prepare.

       1.      Under Federal Rule of Civil Procedure 12(f), a party may move to

strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  An affirmative defense will be considered sufficient to survive a motion to strike when it raises relevant and substantial legal or factual questions.  <u>Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962).  In this case, the constitutionality of § 766.118, Fla. Stat. raises a substantial legal question.

      2.    It is uncertain whether Plaintiff will obtain a recovery that is greater than the cap in § 766.118, Fla. Stat.  Until then, it is appropriate for the Court to avoid deciding the constitutionality of the cap.  <u>Harmon v. Brucker</u>, 355 U.S. 579, 581 (1958) (court must avoid deciding constitutional question unless essential to the disposition of the case).

      3.    A stay is not appropriate unless Plaintiff obtains a recovery greater than the cap.  The Court, however, will grant a limited continuance to allow some time for this issue to resolve in the Florida courts and to allow the parties more time to prepare for trial.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

      1.    Plaintiff's motion to strike or in the alternative to stay (doc. 30) is denied.

2. Trial is continued to 8:30 a.m. on February 4, 2008, at the United States Courthouse in Gainesville, Florida.

3. A pretrial conference will be set by separate order.

DONE AND ORDERED this 10th day of December, 2007.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

CASE NO.: 1:06cv255-SPM/AK